**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9709-CR-00427** |
| | ) | |
| Appellant, | ) | |
| | ) | **HAMILTON COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. STEPHEN M. BEVIL, JUDGE** |
| **EMORY WOOD,** | ) | |
| | ) | |
| Appellee. | ) | **(STATE APPEAL)** |

FOR THE APPELLEE:                    FOR THE APPELLANT:

**PHILLIP L. DUVAL**                    **JOHN KNOX WALKUP**
537 Market Street, Suite 204          Attorney General & Reporter
Chattanooga, TN  37402

                                    **ELLEN H. POLLACK**
                                    Assistant Attorney General
                                    2nd Floor, Cordell Hull Building
                                    425 Fifth Avenue North
                                    Nashville, TN  37243

                                    **WILLIAM COX**
                                    District Attorney General

                                    **C. PARKE MASTERSON**
                                    Assistant District Attorney General
                                    600 Market Street, Suite 310
                                    Chattanooga, TN  37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant, the State of Tennessee, brings this appeal as of right following a hearing regarding a motion to suppress evidence. The Hamilton County Grand Jury indicted the Appellee, Emory Wood, for driving under the influence of an intoxicant and possession of a pistol with the intent to go armed. Appellee filed a motion to suppress all of the evidence discovered through a search of his person and his vehicle. A hearing was conducted by the trial court, and the trial court granted the motion to suppress the evidence. The State appeals on the basis that the evidence was found after a reasonable stop and a lawful search of Wood's car. We affirm the judgment of the trial court.

Recently, in State v. Odom, 928 S.W.2d 18 (Tenn. 1996), the supreme court held as follows:

> The party prevailing in the trial court is entitled to the strongest legitimate view of the evidence adduced at the suppression hearing as well as all reasonable and legitimate inferences that may be drawn from that evidence. So long as the greater weight of the evidence supports the trial court's findings, those findings shall be upheld. In other words, a trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise.

Odom, 928 S.W.2d at 23.

At the suppression hearing, Officer James Hixson of the Chattanooga Police Department testified that he was patrolling the Main Street area when he saw the car Appellee was driving stop and pick up a woman at the corner of Mitchell and East Main Street. Officer Hixson believed the woman was a prostitute because that is an area known for prostitutes to solicit customers. Officer Hixson stated that he followed Appellee's car for several blocks in order to investigate his suspicions.

After Officer Hixson pulled Appellee over and approached the car, Appellee exited the vehicle. Officer Hixson placed him on the back of his vehicle and patted him down. Because he noticed the odor of an alcoholic beverage upon Appellee's breath, Officer Hixson administered several field sobriety tests on the Appellee. Officer Hixson began to search the automobile with a flashlight and located a .357 caliber handgun underneath the driver's seat. After the initial stop, Officer Hixson learned that the woman inside Appellee's car was not a prostitute and that the car Appellee was driving belonged to someone else.

On cross-examination, Officer Hixson stated that while he was following the car Appellee was driving, he noticed that Appellee was swerving. Officer Hixson further testified that when Appellee exited his vehicle, he stumbled. On redirect examination, when questioned as to what he told Defendant was the reason for the stop, Officer Hixson stated, "I told him that I thought that he picked up a prostitute."

Appellee testified that he was driving on Main Street when he stopped and picked up a friend. He was on the way to his aunt's home when he was stopped by Officer Hixson. Appellee stated that he was not speeding, weaving or having trouble keeping his vehicle in its lane. After administering the field sobriety tests, Officer Hixson told Appellee he was under arrest for driving under the influence of an intoxicant. Appellee stated that Officer Hixson then searched his car without asking permission, using a flashlight. Appellee stated that he did not know there was a gun in the vehicle as it was not his vehicle.

The trial court specifically found that there was not any basis or reasonable suspicion based upon articulable facts that a crime was being committed so as to

warrant a stop by Officer Hixson. Reasonable suspicion must be based on specific and articulable facts, that a criminal offense has been or is about to be committed. State v. Kelley, 948 S.W.2d 757, 760 (Tenn. Crim. App. 1996) (citations omitted). The trial court stated that, "I think it is clear based on the officer's initial testimony that the reason he stopped the car was because he thought that Mr. Wood picked up a prostitute as a basis for stopping the car." The trial court determined that even if Appellee had allowed a prostitute to ride in his car, that in itself is not a violation of the law. The trial court determined that any search which followed the unreasonable stop was not lawful and any evidence, as a result, was not admissible.

As the Appellee is entitled to the strongest legitimate view of the evidence and the testimony supports the trial court's findings, there was no error in the suppression of the evidence. The evidence does not preponderate against the trial court's findings of fact.

We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
WILLIAM B. ACREE, JR., Special Judge

-4-